## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 04-cv-01550-REB-OES

KIM DYER-ANDREWS, and
JAMES M. ANDREWS,

      Plaintiffs,

v.

ACADEMY COLLECTION SERVICES, INC., a foreign corporation,
TERRY ADAMS, individually, and as the agent of Bank One and Academy
BANK ONE, a foreign corporation, and
DOES ONE THROUGH TEN, whose true names are unknown,

      Defendants.

---

### ORDER CONCERNING MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

    This matter is before me on the following motions: 1) defendants Academy

Collection Services and Terry Adams' motion to dismiss or for summary judgment

[#9], filed October 12, 2004; and 2) defendant Bank One, Delaware, N.A.'s motion to

dismiss [#11], filed October 15, 2004.  Bank One also joins Academy's and Adams'

motion.  The plaintiffs have filed responses, and the defendants have filed replies.  I

conclude that the motions to dismiss should be granted in part and denied in part,

and that the motion for summary judgment should be denied.

### I.  JURISDICTION & STANDARD OF REVIEW

    The plaintiffs assert one claim under the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. §§ 1692 - 1692o.  I have jurisdiction over this claim under 15

U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  The plaintiffs also assert two claims under state law.  I have supplemental jurisdiction over the two state law claims.  28 U.S.C. § 1367.

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of FED. R. CIV. P. 8(a).  "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1533 (10th Cir.1992).  The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true. *Robinson v. City and County of Denver* 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1533 (10th Cir.1992)). However, the court need not assume that the plaintiff "can prove facts which he has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen'l Contractors v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## II.  FACTUAL ALLEGATIONS

In their complaint, the plaintiffs allege that they owed a credit card debt to defendant Bank One.  The plaintiffs were delinquent in paying the debt, and Bank One engaged defendant Academy Collection Services to collect the debt.  Terry Adams, an Academy employee, called the plaintiffs' home on June 30, 2003, and spoke to plaintiff James Andrews.  Adams told Andrews that Andrews could settle the debt with

an immediate payment of 70 percent of the amount owed, 1,729 dollars, by a telephone check.  Andrews said he could not pay any amount on that day.  Adams then said he could "keep the offer open for 30 days" if Andrews could pay 50 dollars immediately by a telephone check.  *Complaint*, ¶ 16.  Andrews said he did not have 50 dollars, but might have it in several days.  Adams said he would permit Andrews to post date a check to a time when Andrews knew he would have money in his account. Andrews agreed and provided his checking account information to Adams, authorizing Academy to electronically withdraw 50 dollars from Andrews' checking account, using check number 5070, in several days.  Academy never presented this telephone check for payment.  Rather, on August 7, 2003, Academy presented for payment an unauthorized unnumbered check drawn against the plaintiffs' bank account for an unauthorized withdrawal of 1,729 dollars.

Based on these alleged facts, the plaintiffs assert a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 - 1692o.  In addition, the plaintiffs assert state law claims for fraud and deceit, and for civil conspiracy.  The defendants argue that the plaintiffs' complaint must be dismissed because the plaintiffs' FDCPA claim is barred by the applicable statute of limitations, because the plaintiffs' allegations are not sufficient to state a civil conspiracy claim, and because this court does not have jurisdiction over the state claims if the FDCPA claim is dismissed.

### III.  FDCPA STATUTE OF LIMITATIONS

A claim under the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k.  The initial telephone call to the plaintiffs was

3

made on June 30, 2003, and payment on the allegedly improper check was withdrawn from the plaintiffs' checking account on August 7, 2003.  The plaintiffs filed their Complaint on July 28, 2004.

Academy and Adams argue that the FDCPA claims must be dismissed because the plaintiffs' Complaint was filed more than one year after the violations alleged.  Academy says it mailed two letters to the plaintiffs between the June 30, 2003, telephone conversation and the August 7, 2003, withdrawal of 1,729 dollars from the plaintiffs' checking account.  According to Academy, the first letter was mailed on July 7, 2003.  Academy says this letter confirmed that check number 5072 in the amount of 1,729 dollars, and postdated for July 31, 2003, had been received by Academy.  The second letter was mailed on July 21, 2003, and stated that check number 5072, in the amount of 1,729 dollars, would be deposited on July 31, 2003. Academy argues that the one year statute of limitations began to run when the July 7, 2003, letter was sent, and certainly began to run no later than July 21, 2003, when the second letter was sent.  The plaintiffs argue that the statute of limitations did not begin to run until the "violating conduct was complete," which was when the funds were withdrawn from the plaintiffs' account on August 7, 2003.

Assuming the allegations in the Complaint to be true, the June 30, 2003, telephone call can be seen as a discrete violation of the FDCPA.  If Adams, the Academy employee, obtained the Andrews' checking account information and intended to present an unauthorized check for payment from the account, Academy and Adams violated the FDCPA during that telephone call.  15 U.S.C. § 1692e(10) (prohibiting use of false or deceptive means to collect a debt or to obtain information

about a consumer).  However, this telephone call took place more than one year before the Complaint was filed, and thus falls outside of the relevant period of limitations.

The Complaint also alleges that Academy, without the Andrews' authorization, presented a check for 1,729 dollars for payment from the Andrews' account on or about August 7, 2003.  Assuming these allegations are true, such an action by Academy would violate 15 U.S.C. § 1692f, as alleged in the Complaint.  *Complaint*, ¶ 32 c.  This alleged action was taken less than one year before the Complaint was filed on July 28, 2004, and falls within the relevant period of limitations.  Assuming Academy is correct when it says that it sent letters to the Andrews on July 7 and July 21, 2003, those letters do not trigger the statute of limitations concerning the allegedly improper action taken by Academy on August 7, 2003.

To the extent the plaintiffs seek to assert discrete FDCPA claims based on the June 8, 2003, telephone call, and the July 7 and July 21, 2003, letters, the plaintiffs may not assert such claims because these claims are barred by the one year statute of limitations.  I note that the July 7 and July 21, 2003, letters are not mentioned in the complaint, so there is no basis to conclude that the plaintiffs seek to assert discrete FDCPA claims based on these letters.  On the other hand, the alleged presentation of the allegedly unauthorized check on August 7, 2003, also constitutes a discrete violation of the FDCPA.  The complaint was filed less than one year after this event, and the statute of limitations does not bar an FDCPA claim based on the allegedly unauthorized presentation of the check.

The defendants' motions to dismiss the FDCPA claim because it is barred by the applicable statute of limitations should be denied as to a claim based on the presentation of the check on August 7, 2003.  However, to the extent the plaintiffs seek to assert discrete FDCPA claims based on events that occurred prior to July 28, 2003, one year before the Complaint was filed, the motions to dismiss based on the statute of limitations should be granted.

## IV.  CIVIL CONSPIRACY

Under Colorado law, a claim of civil conspiracy has four elements[1]:

1) The defendant and at least one other person agreed, by words or conduct, to accomplish an unlawful goal or to accomplish a goal through unlawful means;

2) One or more unlawful acts were performed to accomplish the goal or one or more acts were performed to accomplish the unlawful goal;

3) The plaintiff had damages; and

4) The plaintiffs damages were caused by the acts performed to accomplish the goal.

The defendants argue that the plaintiffs' allegations are too conclusory to state a claim for civil conspiracy.  The plaintiffs allege that the defendants "combined to form an unlawful combination to commit conspiracy, and they did so conspire, to defraud plaintiffs out of large sums of money." *Complaint*, ¶ 36.  Considering the allegations of ¶ 36 and the other factual allegations describing the actions and interests of the three defendants, I find that the allegations in the plaintiffs' Complaint provide a short and plain statement of their conspiracy claim, in compliance with the notice pleading standard of FED. R. CIV. P.  8(a).  In their reply, defendants Academy

---

[1]  *See* **CJI-Civ. 4th 27:1** and the concomitant **Notes on Use** and **Source and Authority**.

and Adams argue that the plaintiffs have not alleged sufficient facts to establish an agreement between the defendants.  I find that the plaintiffs' factual allegations, though spare, are sufficient to allege an agreement between the defendants at least by conduct.

If the plaintiffs can produce evidence to prove their factual allegations, then it is readily conceivable that the plaintiffs could prove facts that establish each of the four elements outlined above.  The key question, of course, is whether the plaintiffs can produce evidence to support the general but sufficient allegations in the Complaint.  That question may not be addressed via a motion to dismiss under FED. R. CIV. P. 12(b)(6).  The defendants' motions to dismiss the civil conspiracy claim should be denied.

### V.  SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367, a federal court may assert supplemental jurisdiction over claims under state law when the state law claims are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.  Under § 1367(c)(3), the court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction.

The defendants argue that the plaintiffs' only federal claim, their FDCPA claim, must be dismissed.  If that claim were dismissed, then the court likely would decline to exercise supplemental over the two remaining state law claims.  As discussed above, however, the plaintiffs' FDCPA claim is not subject to dismissal at this point.  The two state law claims are based on the same factual allegations as the FDCPA

claim, and thus are part of the same case or controversy.  Bank One argues that the two state law claims predominate over the FDCPA claim, and that their predominance demonstrates that the court should decline to exercise supplemental jurisdiction over the state law claims.  I disagree.  The plaintiffs' three claims are not complex, and the evidence needed to resolve these claims is not complex.  The nature of the plaintiffs' state law claims does not establish a basis on which the court should decline to exercise supplemental jurisdiction over those claims.  The court will exercise supplemental jurisdiction over the two state law claims.

## VI.  SUMMARY JUDGMENT

The defendants argue that the undisputed facts in the record demonstrate that Academy mailed the July 7 and July 21, 2003, letters to the plaintiffs.  As discussed above, the defendants claim that these letters triggered the one year statute of limitations applicable to the FDCPA claim.  If that is true, the plaintiffs' complaint was filed outside of the relevant period of limitations.

With regard to the defendants' motion for summary judgment, I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs. I have employed the analysis required by apposite law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc*., 912 F.2d 1238, 1241 (10th Cir.1990); *Redmon v. United States*, 934 F.2d 1151,1155 (10th Cir. 1991); and

*Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994).

As discussed above, the July 7 and July 21, 2003, letters did not trigger the statute of limitations as to a claim based on the discrete act of presenting the plaintiffs' check for payment on or about August 7, 2003. Even if it is undisputed that the July 7 and July 21, 2003, letters were mailed to the plaintiffs, that fact does not demonstrate that the defendants are entitled to judgment as a matter of law on an FDCPA claim based on the presentation of the check on or about August 7, 2003. For the reasons discussed above, discrete FDCPA claims based on the June 30, 2003, telephone call or on the July 7 and July 21, 2003, letters will be dismissed as barred by the one year statute of limitations. The defendants' motion for summary judgment should be denied.

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That under FED. R. CIV. P.  12(b)(6), defendants Academy Collection Services and Terry Adams' motion to dismiss [#9], filed October 12, 2004, is **GRANTED** to the extent the plaintiffs seek to assert discrete FDCPA claims based on the June 8, 2003, telephone call, or on the July 7 or July 21, 2003, letters from Academy to the plaintiffs;

2) That defendants Academy Collection Services and Terry Adams' motion to dismiss or for summary judgment [# 9], filed October 12, 2004, otherwise is **DENIED**;

3) That under FED. R. CIV. P.  12(b)(6), defendant Bank One, Delaware, N.A.'s motion to dismiss [#11], filed October 15, 2004, is **GRANTED** to the extent the plaintiffs

seek to assert discrete FDCPA claims based on the June 8, 2003, telephone call or on the July 7 or July 21, 2003, letters from Academy to the plaintiffs;

4)  That defendant Bank One, Delaware, N.A.'s motion to dismiss [#11], filed October 15, 2004, otherwise is **DENIED**; and

5) That the parties' requests for the imposition of sanctions and the award of attorney fees and costs, as stated in the plaintiffs' response to Academy and Adams' motion, and in Academy and Adams' reply, are **DENIED**.

Dated August 4, 2005, at Denver, Colorado.

BY THE COURT:


s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge