IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 04-cv-01550-REB-OES

KIM DYER-ANDREWS, and
JAMES M. ANDREWS,

    Plaintiffs,

v.

ACADEMY COLLECTION SERVICES, INC., a foreign corporation,
TERRY ADAMS, individually, and as the agent of Bank One and Academy
BANK ONE, a foreign corporation, and
DOES ONE THROUGH TEN, whose true names are unknown,

    Defendants.

## ORDER CONCERNING DEFENDANT CHASE BANK USA, N.A.'S MOTION TO RECONSIDER AND ORDER MODIFYING ORDER CONCERNING MOTIONS TO DISMISS

**Blackburn, J.**

This matter is before me on defendant Chase Bank USA, N.A.'s Motion to Reconsider Order Concerning Motions to Dismiss or for Summary Judgment [#23], filed August 18, 2005. Chase Bank says it is the successor by merger to the defendant named in the caption as Bank One, and also known as Bank One Delaware, N.A. (The Bank).

On August 5, 2005, I issued an order addressing motions to dismiss filed by the Bank and by the other defendants. I granted the Bank's motion to dismiss in part, and denied the motion in part. In its motion to reconsider, the Bank notes that I did not address its argument that it is not subject to liability under Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. §§ 1692 - 1692o.  The plaintiff has filed a response to the motion to reconsider.  In my August 5, 2005, order, I did not address the Bank's argument that it is not subject to liability under the FDCPA.  I conclude that the motion to reconsider should be granted, and that Bank One, now known as Chase Bank (the Bank), should be dismissed as a defendant.  In resolving the motion to reconsider, I rely on the standard of review and summary of the plaintiffs' factual allegations, as stated in my August 5, 2005, order.

The plaintiffs assert a claim against all defendants under the FDCPA.  In addition, the plaintiffs assert state law claims for fraud and deceit, and for civil conspiracy.  In its initial motion to dismiss, the Bank argued that it was not subject to liability under the FDCPA because a debt owed by the defendants to the Bank was the debt being collected when the alleged violation of the FDCPA occurred.  The terms "creditor" and "debt collector" are specifically defined by the FDCPA.  15 U.S.C. § 1692a (4) & (6).  Creditors are not subject to liability under the Act, but debt collectors are subject to liability under the Act.  *Id*.; **Munk v. Federal Land Bank of Wichita**, 791 F.2d 130, 131 (10th Cir. 1986).  Under the circumstances alleged in the Complaint, the Bank was a creditor and not a debt collector, as those terms are defined by the FDCPA.  As a creditor, the Bank is not subject to liability for actions that violate the FDCPA.  The plaintiffs' FDCPA claim against the Bank must be dismissed.

The other two claims asserted against the Bank are claims under state law for fraud and deceit and for civil conspiracy.  Under 28 U.S.C. § 1367(a), a federal court may assert supplemental jurisdiction over claims under state law when those claims are so related to claims over which the court has original jurisdiction that they form part of

the same case or controversy under Article III of the Constitution. A federal court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." As to the Bank, the state law claims substantially predominate over the federal claim against defendant Academy Collection Services, Inc., a collection agency. Having considered all of the relevant circumstances, I conclude that I should decline to exercise supplemental jurisdiction over the state law claims against the Bank. This does not mean, however, that I will decline to exercise supplemental jurisdiction over the state law claims against defendant Academy Collection Services, Inc.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Chase Bank USA, N.A.'s (formerly known as Bank One Delaware, N.A.) Motion to Reconsider Order Concerning Motions to Dismiss or for Summary Judgment [#23], filed August 18, 2005, is **GRANTED**;

2. That the court's Order Concerning Motions to Dismiss or for Summary Judgment [#20], filed August 5, 2005, is **AMENDED** as stated in paragraphs 3, 4, 5, and 6, below;

3. That the orders entered in the paragraphs numbered 3) and 4) on pages 9 and 10 of the court's August 5, 2005, order are **WITHDRAWN**;

4. That under Fed. R. Civ. P. 12(b)(6), defendant Bank One, Delaware, N.A.'s motion to dismiss [# 11], filed October 15, 2004, is **GRANTED** as to the plaintiffs' claim against the Bank under the Fair Debt Collection Practices Act (Count II of the Complaint), and this claim is **DISMISSED**;

5. That I **DECLINE TO EXERCISE** supplemental jurisdiction over the state law claims against defendant Bank One Delaware, under 28 U.S.C. § 1367;

6. That under Fed. R. Civ. P. 12(b)(1), defendant Bank One, Delaware, N.A.'s motion to dismiss [# 11], filed October 15, 2004, is **GRANTED** as to the state law claims asserted in Counts I and III of the Complaint, and these claims are **DISMISSED**;

7. That defendant Chase Bank USA, N.A., formerly known as Bank One Delaware and named in the caption as "Bank One, a foreign corporation," is **DISMISSED AND DROPPED** from this action; and

8. That the caption of this case **SHALL BE AMENDED** to delete the defendant named in the caption as "Bank One, a foreign corporation."

Dated October 6, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge